ORIGINAL

SSC-3 Dept. #3 Assigned Gross

# GERAGOS & GERAGOS
A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255
GERAGOS@GERAGOS.COM

FILED
Superior Court of California
County of Los Angeles

JUL 06 2018

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Moses Soto

| | |
|---|---|
| MARCUS PETOYAN | SBN 109817 |
| MALLORY WHITELAW | SBN 318603 |
| DEV DAS | SBN 320712 |

Attorneys for SAMUEL CALDWELL, and TAMECA SPRIGGS individually and as successors-in-interest to OCTAVIUS CALDWELL;

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES – CENTRAL DISTRICT

BC 712944

| | |
|---|---|
| SAMUEL CALDWELL and TAMECA SPRIGGS, individually and as successors-in-interest to OCTAVIUS CALDWELL, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES on behalf of: LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; LOS ANGELES COUNTY+USC MEDICAL CENTER; LOS ANGELES COUNTY DEPARTMENT OF HEALTH SERVICES; and DOES 1-60<br><br>Defendants | Case no.: Unassigned<br><br>**COMPLAINT FOR DAMAGES FOR:**<br>1. **WRONGFUL DEATH**<br>2. **NEGLIGENCE**<br>3. **MEDICAL MALPRACTICE**<br>4. **VIOLATION OF CIVIL RIGHTS- 42 U.S.C. SECTION 1983**<br>5. **VIOLATION OF CIVIL RIGHTS- *MONELL* CLAIM**<br>6. **VIOLATION OF CIV. CODE SECTION 52.1** |

# INTRODUCTION

1. Samuel Caldwell and Tameca Spriggs, as individuals and successors in interest, bring this action against Defendant Los Angeles County ("the County") and against unidentified state actors working under the color of state law for Los Angeles County Sheriff's Department ("Sheriffs" or "LASD"), Los Angeles County+USC Medical Center ("LAUSC Medical Center") and Los Angeles County Department of Health Services ("DHS"), for negligent, reckless and deliberate failures which together caused the untimely death of their late son, Octavius Caldwell ("Octavius" or "Mr. Caldwell"), on or around September 28, 2017.

2. Octavius Caldwell, a 29-year old man with Type 1 Diabetes, was arrested on September 23, 2017. Upon realizing Mr. Caldwell was in no condition for a prison cell, Men's Central Prison transferred him to the County Medical Center. After two days of medical treatment, County Medical transferred him back to Men's Central, where he spent the remainder of his short life. Two days later, he died of diabetic ketoacidosis, and his lifeless body was found alone in his cell. Mr. Caldwell's death was the subject of a Los Angeles Times article entitled "Second inmate dies in Los Angeles County jail in two days, officials say."

3. Together, Defendants were responsible for caring for Mr. Caldwell after he was arrested and while in custody at Men's Central Jail and LAUSC Medical Center and suffering from the symptoms of a diabetic attack in connection with his Type 1 Diabetes. Mr. Caldwell's illness and condition were highly treatable, and Defendants could have prevented his death with proper care, monitoring and medical treatment.

# PARTIES

4. Tameca Spriggs is an individual who currently resides in the state of Nevada. She is Mr. Caldwell's mother, heir, and successor-in-interest.

5. Samuel Caldwell is an individual residing in the state of California. He is Mr. Caldwell's father, heir, and successor-in-interest.

- 2 -
CALDWELL COMPLAINT

6. All correct and proper wrongful death claimants are joined in this action.

7. At all relevant times, Defendant County of Los Angeles was a governmental entity organized and existing under the laws of the State of California, and assumes the liabilities for the Los Angeles County Sheriffs' Department, LAC+USC Medical Center, and the Los Angeles County Department of Health Services. The Los Angeles County Sheriff's Department ("Sheriffs" or "LASD") is a law enforcement agency which serves Los Angeles County, California. Los Angeles County+USC Medical Center is a public hospital and medical training center in Los Angeles County. Los Angeles County Department of Health Services ("DHS") is the municipal health system of Los Angeles County. DHS oversees and provides care to inmates in county jails.

8. Plaintiffs are unaware of the true names and capacities of the Defendants named herein as DOES 1-60, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiffs will seek leave of court to amend this complaint to allege the true names and capacities of said Defendants when their identities are ascertained. Plaintiffs are informed and believe and thereon allege that each of the aforesaid fictitiously named Defendants are responsible in some manner for the happenings and occurrences alleged here, and that Plaintiffs' damages and injuries were caused by the conduct of said Defendants.

**PROCEDURAL HISTORY**

9. On March 23, 2018, Mr. Caldwell's parents, Samuel Caldwell and Tameca Spriggs, filed a claim against the County on behalf of LAUSC Medical Center, DHS, and the Los Angeles County Sheriff's Department pursuant to Government Code section 910, *et seq*. On April 12, 2018, County claims administrators responded by denying the claim.

**JURISDICTION, VENUE, AND NOTICE**

10. This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interests and costs, exceeds the jurisdictional minimum of the Court.

11. Defendants have been served with a Government Tort Claim pursuant to Government Code section 910, *et seq*. Defendants rejected said claim, such that this action is ripe and timely.

## FACTUAL BACKGROUND

12. Mr. Caldwell was arrested on or around September 23, 2017. Mr. Caldwell was initially taken to Temple City Substation for processing. Upon arrival, Sheriff Deputies noticed that Mr. Caldwell was disoriented and exhibiting symptoms of delusion. Mr. Caldwell had long suffered from diabetes, and it is likely that his blood sugar was low due to lack of insulin. Furthermore, Mr. Caldwell was aware that he suffered from Type 1 Diabetes and likely communicated this fact to Sheriff Deputies. Consequently, Temple City Substation did not process Mr. Caldwell, and instead sent him to Men's Central Jail.

13. Observing these symptoms, Men's Central Jail also refused to process Mr. Caldwell and sent him to Los Angeles County+USC Medical Center. Mr. Caldwell was admitted and treated for two days.

14. On or around September 27, 2017, Mr. Caldwell was released from Los Angeles County+USC Medical Center and taken back to Men's Central Jail for processing.

15. On September 28th, 2017, Sheriff Deputies found Mr. Caldwell dead in his cell. Mr. Caldwell was in a single-occupancy cell and was found alone.

16. Mr. Caldwell's parents, Samuel Caldwell and Tameca Spriggs, attempted to obtain Coroner's reports and incident reports, but Los Angeles County Sheriff's Department refused to provide any reports to the family, claiming they were locked under a "security hold."

17. Plaintiffs learned shortly after being notified of Mr. Caldwell's death that Mr. Caldwell was the second inmate to die at Men's Central Jail in a two day period.

18. Plaintiffs' counsel finally obtained a "case detail" from the Los Angeles County Coroner's official website, which showed that Mr. Caldwell's cause of death was diabetic ketoacidosis, a life-threatening condition which requires intensive care and close

monitoring.

19. On information and belief, the County knew of Mr. Caldwell's life-threatening condition while he was in custody, and deliberately refused to appropriately monitor him and treat him.

20. Mr. Caldwell's death was the subject of news reports that highlighted the second death in as many days on the County's watch. In an article titled "2 deaths in 2 days at LA's Men's Central Jail," Jasmyne Cannick of JusticeLA is quoted as saying "The Los Angeles County Jail is the nation's largest and at least nine inmates have died this year on their watch and in their custody…Last year there were 20 inmate deaths reported, and in 2015, there were 21."

21. For all these reasons, Plaintiffs bring the following causes of action.

### FIRST CAUSE OF ACTION

### (Wrongful Death)

### Against All Defendants and DOEs 1-65

22. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

23. DOES 1-65 acting within the scope of their duties as LASD employees, caused the death of Decedent.

24. Defendants County of Los Angeles, Los Angeles County+USC Medical Center and Los Angeles County Department Of Health Services are hereby liable for the acts, omissions and conduct of their employees, including Defendants herein, whose negligent conduct was a cause in the death of the Decedent, pursuant to California Government Code § 815.2.

25. Plaintiffs Samuel Caldwell And Tameca Spriggs are the parents of decedent, and are therefore the proper parties with standing pursuant to Cal. Civ. Proc. Code § 377.60 and hereby pursue their remedies for wrongful death against Defendants, and each of them, including recovery for pecuniary loss and other compensable injuries resulting from the loss

1  of the society, comfort, attention, services and support of Decedent.

2      26.    Plaintiffs filed a timely claim pursuant to California Government Code § 910, *et seq.* As that claim has been rejected in the past six months, this action is timely.

27.    Los Angeles County+USC Medical Center and the Los Angeles Sheriff's Department and DOEs 1-65, by taking Plaintiff into custody, created a special relationship with Decedent and corresponding duty to act reasonably to protect Decedent. Defendants breached this duty by failing to safely treat, process, monitor, and/or provide adequate instructions to Decedent's custodians while he was in custody. Furthermore, DHS had a duty to create and enforce policies and customs which would ensure the safety of inmates in the County's custody. DHS' failures in performing said duties were a substantial factor in causing Mr. Caldwell's untimely death. Mr. Caldwell's death would not have occurred absent Defendants' wrongful conduct. The County is liable for all damages under the circumstances which may be just, including but not limited to emotional distress, loss of consortium, loss of companionship, loss of love and support, and funeral and burial expenses.

## SECOND CAUSE OF ACTION

### (Negligence)

### Plaintiffs against all Defendants

28.    Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

29.    Plaintiffs bring this cause of action pursuant to Code of Civil Procedure section 377.30.

30.    Defendant County of Los Angeles, on behalf of Los Angeles County Sheriffs' Department, Los Angeles County+Usc Medical Center and Los Angeles County Department of Health Services, is hereby liable for the acts, omissions and conduct of their employees, including Defendants herein, whose conduct was a cause in the death of the Decedent, pursuant to California Government Code § 815.2

31. At all relevant times, Defendants had a duty to care for Octavius Caldwell while he was in custody.

32. At all relevant times, Defendants knew or should have known that their conduct posed an unreasonably dangerous risk to Mr. Caldwell.

33. Defendants' breach of their duties of care legally and proximately resulted in the negligence and outrageous and malicious conduct of Defendants' employees acting within the scope of their work duties and the negligent supervision of these unfit employees by Defendants.

34. As a direct and proximate result of Defendants' wrongful conduct, Octavius Caldwell sustained personal injuries and subsequently lost his life, thereby damaging Plaintiffs in an amount according to proof.

35. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the safety of Decedent, Mr. Caldwell. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious, thus warranting the award of punitive damages against each Defendant in an amount adequate to punish the wrongdoers and deter future misconduct.

36. As a direct, proximate, and legal result of Defendants' wrongful conduct, Octavius Caldwell died approximately two days after the onset of his medical complications while in custody, thereby entitling Plaintiff the Estate of Octavius Caldwell to damages according to proof, including, but not limited to, medical expenses, lost wages, and punitive damages from the individual Defendants identified here as DOES 1-65, and any other damages Mr. Caldwell would have incurred had he lived.

### THIRD CAUSE OF ACTION

(Medical Malpractice/Professional Negligence)

**Plaintiffs against all Defendants**

37. Plaintiffs repeat and re-allege all previous allegations of this Complaint as though set forth in full herein.

38.     Plaintiffs bring this cause of action pursuant to Code of Civil Procedure section 377.30.

39.     Defendants County of Los Angeles, on behalf of Los Angeles County+Usc Medical Center and Los Angeles County Department Of Health Services, is hereby liable for the acts, omissions and conduct of their employees, including Defendants herein, whose negligent conduct was a cause in the death of the Decedent, pursuant to California Government Code § 815.2.

40.     During Mr. Caldwell's custody, Defendant County and individual Defendants, identified here as DOES 1-65, and to be named at a later date, agreed to perform and undertook to perform medical treatment on the Decedent, Mr. Caldwell, including but not limited to examinations, testing, and monitoring, and in doing so established a physician/nurse/hospital/care giver relationship with Mr. Caldwell, giving rise to each Defendant's duty to Mr. Caldwell to provide him with skillful management of his condition, including ensuring his safe transition from the hospital to Men's Central.

41.     On information and belief, as a direct and proximate result of the substandard and negligent care and treatment delivered and provided to Mr. Caldwell by Defendant County and DOES 1 to 65, and each of them, Mr. Caldwell suffered serious complications which ultimately caused his death at Men's Central Jail.

42.     During said periods of time herein above alleged, Defendants, and each of them, were negligent, careless and unskillful in the management of Mr. Caldwell's condition, and engaged in other actionable conduct, thereby exacerbating his injuries, causing damages leading ultimately to his death.  On information and belief, said conduct included negligent evaluation, testing, monitoring, and treatment, as well as deliberate and reckless disregard for the Patient's well-being by sending him back to Men's Central when he was still at risk of fatal complications from his condition.

43.     In holding themselves out as possessing that degree of skill, knowledge and ability normally exercised by competent skilled medical facilities, physicians, and health care practitioners in the community, Defendants owed Mr. Caldwell a legal duty to use due

- 8 -
CALDWELL COMPLAINT

care in their respective medical responsibilities, treatment, and supervision of Mr. Caldwell as their patient.

44. Defendants, and each of them, breached their duties and failed to adhere to the standard of practice in the community with respect to treating conditions similar to those of Mr. Caldwell at the time. Defendants' breach foreseeably and legally caused Mr. Caldwell to suffer serious medical injuries, causing general damage in an amount presently unknown but consistent with this Court's jurisdiction. Plaintiff seeks leave of Court to insert the exact amount thereof when it is known.

45. On information and belief, as a direct, proximate and legal result of Defendants' negligence, carelessness and recklessness, Mr. Caldwell suffered severe physical and emotional injuries and conditions as above described. Plaintiffs, as Mr. Caldwell's successors in interest, are entitled to all exemplary, punitive, and any other damages Mr. Caldwell would have been entitled to had he lived.

### FOURTH CAUSE OF ACTION

**(Violation of Civil Rights—42 U.S.C. section 1983)**

**Plaintiffs against Defendant County and DOES 1-65**

46. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

47. Defendants were, at all relevant times, acting under color of state law in violating Plaintiffs' constitutional rights under the Fourth and Eighth Amendments to the Constitution of the United States. The applicable provisions of the Fourth and Eighth Amendments are applicable against the states pursuant to the Fourteenth Amendment to the Constitution of the United States and actionable through 42 U.S.C. Section 1983.

48. Plaintiffs bring this claim for relief in their capacities as the successors-in-interest and personal representatives of Decedent Octavius Caldwell.

49. Plaintiffs filed a timely claim pursuant to California Government Code § 910, *et seq.* As that claim has been rejected in the past six months, this action is timely.

50. The foregoing claim for relief arose in Decedent's favor, and Decedent would have been the plaintiff with respect to this claim for relief, had he lived.

51. On information and belief, Defendants deprived Mr. Caldwell of rights, privileges, and immunities secured to him by the Fourth, Eighth and/or Fourteenth Amendments to the Constitution of the United States by, *inter alia*, Defendants deliberately failing to care for Mr. Caldwell in light of his medical condition and/or by failing ensure his safe transition from LAUSC Medical Center to Men's Central Jail when he was still at risk for potentially fatal health complications.

52. Mr. Caldwell had a constitutional right to be protected while in custody and a right to be free from state created danger under the Fourth and/or Fourteenth Amendment. The County's actors put Mr. Caldwell in danger by sending him back to Men's Central Jail after he was diagnosed with serious medical problems, despite his need for continued care and monitoring, and/or by failing to properly care for or monitor decedent while he was in custody. In taking the aforesaid action, Defendants, and each of them, violated decedent's civil rights be being deliberately indifferent to Decedent's physical security.

53. The County's failure to ensure Mr. Caldwell's care while in its custody and/or to ensure his safe transition from LAUSC Medical Center to Men's Central jail also violated Mr. Caldwell's protection under the Eighth Amendment.

54. On Plaintiffs' information and belief, Mr. Caldwell was denied the medical care and other necessities he needed despite the Sheriffs, LAUSC Medical Center and DHS being on notice of his illness and potentially fatal consequences of not receiving adequate care. The County's deliberate indifference to Mr. Caldwell's medical needs foreseeably caused Mr. Caldwell's untimely death.

55. The wrongful acts alleged herein were the proximate cause of Decedent's death. As a proximate result of the foregoing wrongful acts, Plaintiffs sustained general damages, including pain and suffering, and loss of enjoyment of life and other hedonic damgages, in an amount in accordance with proof.

56. In doing the foregoing wrongful acts, Sheriffs' Deputies and personnel of

LAUSC Medical Center and DHS, identified here as DOES 1-65, acted in reckless and callous disregard of Mr. Caldwell's constitutional rights. Defendants' acts, and each of them, were willful, oppressive, fraudulent and malicious, thus warranting the award of punitive damages against each individual DOE Defendant in an amount adequate to punish the wrongdoers and deter future misconduct.

57. Due to the conduct of Defendants, and each of them, Plaintiffs have been required to incur attorneys' fees and will continue to incur attorneys' fees, and pursuant to 42 U.S.C. § 1988 are entitled to recovery of said fees.

## FIFTH CAUSE OF ACTION

### (Violation of Civil Rights—*Monell* Claim)

### Plaintiffs against Defendant County of Los Angeles

58. Plaintiffs Sam Caldwell and Tameca Spriggs reallege and incorporate by reference all previous allegations here.

59. Plaintiffs bring this claim for relief in their capacities as the successors-in-interest and personal representatives of Decedent.

60. Defendant Los Angeles County knowingly, with gross negligence, and in deliberate indifference to the Constitutional rights of citizens, maintain and permit an official policy and custom of permitting the occurrence of the types of wrongs set forth hereinabove and hereafter.

61. On information and belief, these policies include, but are not limited to, the deliberately indifferent training of its law enforcement officers in the evaluation, care, monitoring, and/or custodial control of arrestees and the lack of training of LAUSC Medical Center and DHS employees in ensuring the care of arrestees or inmates in the County's custody. These policies and customs also include the express and/or tacit encouragement and/or ratification of providing insufficient evaluation, care, monitoring and/or custodial control of arrestees. Defendant County's failure to ensure the training of these government actors and its tacit encouragement of this behavior amount to deliberate indifference to the

rights of persons with whom they come into contact and their risks for harm while in the County's care.

62. Plaintiffs are informed and believe, and thereon allege, that the customs and policies were the moving force behind the violations of Plaintffs' and Mr. Caldwell's rights, based on the principles set forth in *Monell v. New York City Dep't of Social Services* (1978) *436* U.S. 658 (holding that a local municipality can be sued as an individual where there is a deprivation of constitutional rights flowing from government policy or custom).

63. On information and belief, the above-described failures in policy making and customs were the cause of the violations of Mr. Caldwell's civil rights as alleged.

64. As a proximate result of Defendants' wrongful acts, Mr. Caldwell sustained general damages, including pain and suffering, loss of life and other hedonic damages, in an amount in accordance with proof. Mr. Caldwell's injuries and subsequent death would not have occurred absent said violations.

65. Due to the conduct of Defendants, and each of them, Plaintiffs have been required to incur attorneys' fees and will continue to incur attorneys' fees, and pursuant to 42 U.S.C. § 1988 are entitled to recovery of said fees.

## SIXTH CAUSE OF ACTION

**(Violation of Civil Code section 52.1)**

**Against All Defendants and DOES 1-65**

66. Plaintiffs reallege and incorporate by reference all previous allegations here.

67. DOES 1-65, acting within the scope of their duties as County employees, caused the death of Mr. Caldwell.

68. The County is liable for the acts, omissions and conduct of its employees, including DOES 1-65, whose reckless conduct caused Mr. Caldwell's untimely death, pursuant to Government Code § 815.2

69. Plaintiffs filed a timely claim pursuant to California Government Code § 910, *et seq.* As that claim has been rejected in the past six months, this action is timely.

70. Plaintiffs are the proper parties with standing as successors-in-interest and on behalf of Decedent pursue the claims of Decedent based on a violation of his rights.

71. Defendants' conduct constituted interference with Mr. Caldwell's exercise and enjoyment of his rights secured by the Constitution and laws of the United States, and by the Constitution and laws of the State of California, including his right to be protected while in custody and his right to be free from affirmative state conduct that put him in danger.

72. Defendants' violations of Mr. Caldwell's rights proximately caused his injuries and untimely death, which would not have occurred absent said violations.

73. Due to the conduct of Defendants, and each of them, Plaintiffs have been required to incur attorneys' fees and will continue to incur attorneys' fees, and pursuant to California Civil Code § 52.1 are entitled to recovery of said fees.

**WHEREFORE, Plaintiffs pray for judgment as follows:**

1. For general damages in an amount to be determined by proof at trial;
2. For special damages in an amount to be determined by proof at trial;
3. For punitive and exemplary damages;
4. For costs of suit;
5. For reasonable attorneys' fees as provided by statute; and
6. For such other and further relief as the Court deems just and proper.

DATED:                                    **GERAGOS & GERAGOS, APC**

By:_____
MARCUS PETOYAN
MALLORY WHITELAW
DEV DAS
Attorneys for Plaintiffs

/
/

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial.

DATED: July 6, 2018            **GERAGOS & GERAGOS, APC**

By: _____
MARCUS PETOYAN
MALLORY WHITELAW
DEV DAS
Attorneys for Plaintiffs

**ORIGINAL**

| | CM-010 |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Marcus Petoyan SBN 109817; Dev Das SBN 320712<br>GERAGOS & GERAGOS, APC<br>644 South Figueroa Street<br>Los Angeles, CA 90017<br>TELEPHONE NO.: 213-625-3900    FAX NO.: 213-232-3255<br>ATTORNEY FOR *(Name):* SAMUEL CALDWELL et al | **FOR COURT USE ONLY**<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>JUL 06 2018<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____M. Soto_____, Deputy<br>Moses Soto |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles<br>STREET ADDRESS: 111 N. Hill Street<br>MAILING ADDRESS: 111 N. Hill Street<br>CITY AND ZIP CODE: Los Angeles 90012<br>BRANCH NAME: Stanley Mosk - Central | |
| **CASE NAME:**<br>SAMUEL CALDWELL, et al v. COUNTY OF LOS ANGELES, et al | |
| **CIVIL CASE COVER SHEET**  **Complex Case Designation** | **CASE NUMBER:** BC712944 |
| [✓] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less)   [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [✓] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):* six
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 3, 2018

▶ _____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
    - Asbestos Property Damage
    - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
    - Medical Malpractice–Physicians & Surgeons
    - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
    - Premises Liability (e.g., slip and fall)
    - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    - Intentional Infliction of Emotional Distress
    - Negligent Infliction of Emotional Distress
    - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
    - Legal Malpractice
    - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
    - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    - Negligent Breach of Contract/ Warranty
    - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
    - Collection Case–Seller Plaintiff
    - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
    - Auto Subrogation
    - Other Coverage
- Other Contract (37)
    - Contractual Fraud
    - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
    - Writ of Possession of Real Property
    - Mortgage Foreclosure
    - Quiet Title
    - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
    - Writ–Administrative Mandamus
    - Writ–Mandamus on Limited Court Case Matter
    - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
    - Review of Health Officer Order
    - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
    - Abstract of Judgment (Out of County)
    - Confession of Judgment *(non-domestic relations)*
    - Sister State Judgment
    - Administrative Agency Award *(not unpaid taxes)*
    - Petition/Certification of Entry of Judgment on Unpaid Taxes
    - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
    - Declaratory Relief Only
    - Injunctive Relief Only *(non-harassment)*
    - Mechanics Lien
    - Other Commercial Complaint Case *(non-tort/non-complex)*
    - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
    - Civil Harassment
    - Workplace Violence
    - Elder/Dependent Adult Abuse
    - Election Contest
    - Petition for Name Change
    - Petition for Relief From Late Claim
    - Other Civil Petition

CM-010 [Rev. July 1, 2007]                **CIVIL CASE COVER SHEET**                Page 2 of 2

ORIGINAL

| SHORT TITLE: SAMUEL CALDWELL, et al v. COUNTY OF LOS ANGELES, et al | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☒ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, ⑪ |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: SAMUEL CALDWELL, et al v. COUNTY OF LOS ANGELES, et al | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Contract | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation  Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: SAMUEL CALDWELL, et al v. COUNTY OF LOS ANGELES, et al | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

| SHORT TITLE: SAMUEL CALDWELL, et al v. COUNTY OF LOS ANGELES, et al | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☒ 1. ☐ 2. ☐ 3. ☒ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☒ 11. | 441 Bauchet St |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles | CA | 90012 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the **Central** District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 07-06-2018

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| LACIV 109 (Rev 2/16) LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION | Local Rule 2.3 Page 4 of 4 |
|---|---|---|